## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 24-** |
| v. | : | **DATE FILED: _____** |
| **JOSEPH LAFORTE** | : | **VIOLATIONS:** |
| a/k/a "Joe Mack," | | **18 U.S.C. § 1343 (wire fraud – 3 counts)** |
| a/k/a "Joe Macki," | : | **18 U.S.C. § 371 (conspiracy – 1 count)** |
| a/k/a "Joe Mackie," | | **26 U.S.C. § 7201 (tax evasion – 1 count)** |
| a/k/a "Joe McElhone," | : | |
| **LISA McELHONE** | | |
| | : | |

## INDICTMENT

## COUNTS ONE THROUGH THREE
(Wire fraud)

**THE GRAND JURY CHARGES THAT:**

### BACKGROUND

At various times material to this indictment:

#### The Defendants

1. Complete Business Solutions Group, Inc., d/b/a Par Funding ("Par Funding") was incorporated in Delaware in 2011. From at least 2013 through July 2020, the company did business using the fictitious name Par Funding. Its principal place of business was Philadelphia, Pennsylvania.

2. Par Funding was in the business of funding businesses ("merchant-customers") through short-term financing transactions, which it held out as merchant cash advances ("MCAs"). In these transactions, Par Funding purported to purchase these merchant-customers' future receivables at a discounted price. The purchase price was given to the

merchant-customer—typically in a lump sum—with the expectation that the merchant-customer would use the funds to operate its business. The merchant-customer agreed to repay Par Funding the purchase price advanced to it plus an additional amount, which was typically 30% or more of the purchase price. Par Funding generally collected these repayments in installments through automatic daily or weekly debits from the merchant-customer's bank accounts.

3.     Par Funding frequently entered "reload" agreements with merchant-customers, which were essentially refinancings of pre-existing MCAs. In a reload, Par Funding's new, larger advance would normally repay the amount due on the original advance and provide some additional funding to the merchant-customer.

4.     In order to fund these MCAs and enrich its principals, Par Funding raised capital through the solicitation of numerous investors and the issuance of promissory notes. In its early years, Par Funding raised this capital directly from investors, but in 2018 Par Funding began to raise capital indirectly through private investment vehicles ("Agent Funds").

5.     Par Funding operated through and in conjunction with several affiliated companies, including Contract Financing Solutions, Inc. ("CFS"), Fast Advance Funding, LLC ("FAF"), and Capital Source 2000, Inc. (collectively, the "Par Funding affiliates"). Par Funding and the Par Funding affiliates shared common ownership and/or control, and funds were frequently transferred back and forth between these entities.

6.     From at least 2013 through in or about July 2020, defendant JOSEPH LAFORTE controlled the day-to-day operations of Par Funding and the Par Funding affiliates and owned or operated them indirectly through nominees, including his wife, defendant LISA McELHONE. Nevertheless, defendant LAFORTE was not listed on any corporate documents as these entities' Chief Executive Officer or President, despite serving in these roles. This structure

2

was designed to hide defendant LAFORTE's control of, income from, and work for, Par Funding and the Par Funding affiliates from the outside world, including the Internal Revenue Service ("IRS") and other taxing authorities.

7.      Defendant LISA McELHONE, functioning as defendant JOSEPH LAFORTE's nominee, owned Par Funding, CFS, and FAF through a trust. She also held the titles Chief Executive Officer and President of Par Funding, although she did not regularly exercise the powers of these offices. Defendant McELHONE was also the nominal owner of Full Spectrum Processing, Inc., the entity to which Par Funding's employees were transferred in early 2017. As a result, after 2017 she was designated as Par Funding's sole employee, although she was rarely present at its offices. While serving as the nominal owner and executive of Par Funding, defendant McELHONE ran the day-to-day operations of a nail salon in Philadelphia, Pennsylvania.

8.      Defendants JOSEPH LAFORTE and LISA McELHONE earned tens of millions of dollars in taxable personal income from Par Funding and the Par Funding affiliates between tax years 2013 and 2019, only part of which they reported on their personal state and federal tax returns.

### The Defendants' Residency

9.      From at least 2013 through mid-2020, defendants JOSEPH LAFORTE and LISA McELHONE lived and worked in the Commonwealth of Pennsylvania, where defendant LAFORTE ran Par Funding and the Par Funding affiliates and where defendant MCELHONE ran a nail salon.

10.      From at least 2014 through in or about 2019, defendants JOSEPH LAFORTE and LISA McELHONE were residents of the Commonwealth of Pennsylvania,

having been physically present in Pennsylvania for at least 300 calendar days each year, which is significantly more than half the year, and also having established a permanent place of abode in Pennsylvania. Defendants LAFORTE and McELHONE lived in the city of Philadelphia until in or about June 2016, when they purchased a residence on Ferndale Lane, in Haverford, Pennsylvania.

11.     From at least 2013 through in or about 2019, defendants JOSEPH LAFORTE and LISA McELHONE spent significantly less than 184 calendar days in Florida each year.

### The Defendants' Tax Filings

12.     The Commonwealth of Pennsylvania has a state income tax rate of 3.07%. The State of Florida, however, does not have a state income tax.

13.     For tax years 2013 through 2019, defendants JOSEPH LAFORTE and LISA McELHONE retained Accountant No. 1 and Accountant No. 2 of Accounting Firm No. 1 to prepare and file their state and federal tax returns, as well as the tax returns of Par Funding.

14.     Defendant LISA McELHONE approved and signed individual state income tax returns using Form PA-40 for tax years 2013 through 2017. These tax returns were prepared by Accountant No. 1 and Accountant No. 2.

15.     Defendant JOSEPH LAFORTE did not file Pennsylvania tax returns for tax years 2013 through 2017.

16.     For tax years 2018 and 2019, defendants JOSEPH LAFORTE and LISA McELHONE approved and signed individual Pennsylvania state income tax returns using Form PA-40, in which they elected the filing status "married filing jointly." These tax returns were prepared and filed by Accountant No. 1 and Accountant No. 2.

4

17.     Defendant LISA McELHONE approved and signed federal income tax returns using IRS Form 1040s for the tax years 2013 through 2017, in which she elected the filing status of "married filing separately." These tax returns were prepared by Accountant No. 1 and Accountant No. 2.

18.     Defendant JOSEPH LAFORTE did not file federal tax returns for tax years 2013 through 2017.

19.     For tax years 2018 and 2019, defendants JOSEPH LAFORTE and LISA McELHONE approved and signed federal tax returns using IRS Form 1040s, in which they elected the filing status of "married filing jointly." These tax returns were prepared by Accountant No. 1 and Accountant No. 2.

20.     From in or about April 2015 through in or about July 2020, in the Eastern District of Pennsylvania and elsewhere, defendants

**JOSEPH LAFORTE,**
**a/k/a "Joe Mack,"**
**a/k/a "Joe Macki,"**
**a/k/a "Joe Mackie," and**
**a/k/a "Joe McElhone," and**
**LISA MCELHONE**

knowingly executed a scheme to defraud the Commonwealth of Pennsylvania out of money and property by means of false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was part of the scheme that:

21.     Although defendants JOSEPH LAFORTE and LISA McELHONE were residents of Pennsylvania from 2014 through 2019, they approved and signed state and federal tax returns falsely stating that they were non-residents of Pennsylvania, and in which they falsely underreported their taxable Pennsylvania income.

5

22. Despite Accountant No. 1 and Accountant No. 2 having prepared defendant LISA McELHONE's PA-40 Pennsylvania state tax return for tax year 2013, which accurately identified defendant McELHONE as a resident of Pennsylvania, Accountant No. 1 and Accountant No. 2 prepared defendant McELHONE's IRS Form 1040 federal tax return for tax year 2014 to falsely state that her "home address" was in Miami, Florida, and also prepared defendant McELHONE's PA-40 Pennsylvania state tax return for tax year 2014 to falsely state that she was a resident of Florida (living at the same address in Miami, Florida) for at least half of the year (July 1, 2014 through December 31, 2014).

23. Defendant LISA McELHONE approved and signed her IRS Form 1040 federal tax return for tax year 2014, which falsely listed a home address in Miami, Florida, and defendant McELHONE approved and signed her PA-40 Pennsylvania state tax return for tax year 2014, which falsely stated that she was a resident of Florida for at least half of the year and which listed the address of her alleged Florida home as an address in Miami, Florida, which Accountant No. 1 and Accountant No. 2 filed electronically at her direction on or about April 15, 2015. At all relevant times, the address in Miami, Florida was a four-story commercial property that contained a law firm that did legal work for defendant McELHONE.

24. For tax year 2014, defendant LISA McELHONE reported her taxable income on her federal tax return as approximately $250,408 and her taxable income to Pennsylvania as approximately $110,373 for the six months that she claimed that she resided in Pennsylvania. Thus, defendant McELHONE did not pay taxes to the Commonwealth of Pennsylvania for the remaining approximately $140,035 that she earned in 2014. This deception resulted in a loss of approximately $6,109 to the Commonwealth of Pennsylvania.

6

25.     Accountant No. 1 and Accountant No. 2 prepared defendant LISA McELHONE's IRS Form 1040 federal tax return for tax year 2015 to falsely state that her "home address" was a condominium in Sunny Isles Beach, Florida, and also prepared defendant McELHONE's PA-40 Pennsylvania state tax return for tax year 2015 to falsely state that she was a "nonresident" of Pennsylvania (living at the same address in Sunny Isles Beach, Florida).

26.     Defendant LISA McELHONE approved and signed her IRS Form 1040 federal tax return for tax year 2015, which falsely listed her "home address" as a condominium in Sunny Isles Beach, Florida, and defendant McELHONE approved and signed her PA-40 Pennsylvania state tax return for tax year 2015, which falsely stated she was a "nonresident" of Pennsylvania and which listed her Florida home as the condominium in Sunny Isles Beach, Florida, which Accountant No. 1 and Accountant No. 2 filed electronically at her direction on or about April 27, 2016.

27.     For tax year 2015, defendant LISA McELHONE reported her taxable income on her federal return as approximately $273,089, and due to her fictitious status as a non-resident of Pennsylvania, she falsely reported no Pennsylvania income and paid no Pennsylvania income tax.  This deception resulted in a loss of approximately $12,551 to the Commonwealth of Pennsylvania.

28.     Accountant No. 1 and Accountant No. 2 prepared defendant LISA McELHONE's IRS Form 1040 federal tax return for tax year 2016 to falsely state that her "home address" was a condominium in Sunny Isles Beach, Florida, and also prepared defendant McELHONE's PA-40 Pennsylvania state tax return for tax year 2016 to falsely state that she was a "nonresident" of Pennsylvania, with the same Florida condominium address.

7

29.     Defendant LISA McELHONE approved and signed her IRS Form 1040 federal tax return for tax year 2016, which falsely listed a "home address" of a condominium in Sunny Isles Beach, Florida, and defendant McELHONE approved and signed her PA-40 Pennsylvania state tax return for tax year 2016, which falsely stated she was a "nonresident" of Pennsylvania, with the same Florida condominium address, which Accountant No. 1 and Accountant No. 2 filed electronically at her direction on or about April 15, 2017.

30.     For tax year 2016, defendant LISA McELHONE reported her taxable income on her federal return as approximately $2,411,134, and due to her fictitious status as a non-resident of Pennsylvania, she falsely reported no Pennsylvania income and paid no Pennsylvania income tax. This deception resulted in a loss of approximately $74,216 to the Commonwealth of Pennsylvania.

31.     Accountant No. 1 and Accountant No. 2 prepared defendant LISA McELHONE's IRS Form 1040 federal tax return for tax year 2017 to falsely state that her "home address" was a condominium in Sunny Isles Beach, Florida, and also prepared defendant McELHONE's PA-40 Pennsylvania state tax return for tax year 2017 to falsely state that she was a "nonresident" of Pennsylvania, with the same Florida condominium address.

32.     Defendant LISA McELHONE approved and signed her IRS Form 1040 federal tax return for tax year 2017, which falsely listed a "home address" of a condominium in Sunny Isles Beach, Florida, and defendant McELHONE approved and signed her PA-40 Pennsylvania state tax return for tax year 2017, which falsely stated she was a "nonresident" of Pennsylvania, with the same Florida condominium address, which Accountant No. 1 and Accountant No. 2 filed electronically at her direction on or about October 15, 2018.

8

33.     For tax year 2017, defendant LISA McELHONE reported her taxable income on her federal return as approximately $4,729,738. Due to her fictitious status as a non-resident of Pennsylvania, she falsely underreported Pennsylvania income of only approximately $22,839, which resulted in a loss of approximately $166,972 to the Commonwealth of Pennsylvania.

34.     Accountant No. 1 and Accountant No. 2 prepared defendants JOSEPH LAFORTE and LISA McELHONE's joint IRS Form 1040 federal tax return for tax year 2018 to falsely state that their "home address" was a property in Palm Beach, Florida, and also prepared defendants LAFORTE and McELHONE's joint PA-40 Pennsylvania state tax return for tax year 2018, which falsely stated that they were both a "nonresident" of Pennsylvania, with the same Palm Beach, Florida address.

35.     Defendants JOSEPH LAFORTE and LISA McELHONE approved and signed their joint IRS Form 1040 federal tax return for tax year 2018, which falsely listed their "home address" as a property in Palm Beach, Florida, which Accountant No. 1 and Accountant No. 2 filed electronically at their direction on or about August 15, 2019. The defendants also approved and signed their joint PA-40 Pennsylvania state tax return for tax year 2018, which falsely stated they both were a "nonresident" of Pennsylvania, and which listed their address as the same Palm Beach property, which Accountant No. 1 and Accountant No. 2 filed electronically at their direction on or about August 15, 2019. The defendants subsequently filed an amended joint federal tax return, Form 1040X, for tax year 2018, which also listed their "home address" as the property in Palm Beach, Florida. At all relevant times, the Palm Beach address was the address of a realtor that defendants LAFORTE and McELHONE would later use to purchase their first Florida home in mid-December 2019.

36.     For tax year 2018, defendants JOSEPH LAFORTE and LISA

McELHONE reported their combined taxable income on their joint federal return as

approximately $28,125,399.  Due to their fictitious status as non-residents of Pennsylvania, they

falsely underreported Pennsylvania income of only approximately $1,599,849, which amounted

to a loss of approximately $976,458 to the Commonwealth of Pennsylvania.

37.     Accountant No. 1 and Accountant No. 2 prepared defendants JOSEPH

LAFORTE and LISA McELHONE's IRS Form 1040 joint federal tax return for tax year 2019 to

falsely list a "home address" in Jupiter, Florida.  Accountant No. 1 and Accountant No. 2 also

prepared defendants LAFORTE and McELHONE's joint PA-40 Pennsylvania state tax return for

tax year 2019, which falsely stated that they were both a "nonresident" of Pennsylvania, and

which listed their address as the same Jupiter, Florida address.

38.     Defendants JOSEPH LAFORTE and LISA McELHONE approved and

signed their joint IRS Form 1040 federal tax return for tax year 2019, which falsely listed a

"home address" in Jupiter, Florida, which Accountant No. 1 and Accountant No. 2 filed

electronically at their direction on or about July 15, 2020.  The defendants also approved and

signed their joint PA-40 Pennsylvania state tax return for tax year 2019, which falsely stated they

both were a "nonresident" of Pennsylvania, and which listed their address as the same Jupiter

property, which Accountant No. 1 and Accountant No. 2 filed electronically at their direction on

or about July 15, 2020.  Defendants LAFORTE and McELHONE had not purchased the Jupiter

property until on or about December 12, 2019, and they did not reside there for the majority of

tax year 2019.

39.     For tax year 2019, defendants JOSEPH LAFORTE and LISA

McELHONE reported their combined taxable income on their joint federal return as

10

approximately $4,494,849. Due to their fictitious status as non-residents of Pennsylvania, they

falsely reported no Pennsylvania income and paid no Pennsylvania income tax. This deception

resulted in a loss of approximately $418,993 to the Commonwealth of Pennsylvania.

      40.    A summary of the reported taxable income of defendants JOSEPH

LAFORTE and LISA McELHONE, along with the defendants' tax paid to the Commonwealth

of Pennsylvania and the corresponding tax loss, is set forth below.

| Year | Reported Federal Taxable Income | Reported Pennsylvania Income | Tax Paid to Pennsylvania | Approximate Pennsylvania Tax Loss |
|---|---|---|---|---|
| 2014 | $250,408 | $110,373 (6 months) | $3,388 | $6,109 |
| 2015 | $273,089 | ($109,530) | $0 | $12,551 |
| 2016 | $2,411,134 | ($113,391) | $0 | $74,216 |
| 2017 | $4,729,738 | $22,839 | $701 | $166,972 |
| 2018 | $28,125,399 | $1,599,849 | $49,115 | $976,458 |
| 2019 | $4,494,849 | ($4,692,975) | $0 | $418,993 |
| Total | $40,284,617 | | | $1,655,299 |

      41.    The Pennsylvania PA-40 tax returns for tax years 2014 through 2019

caused to be filed by defendants JOSEPH LAFORTE and LISA McELHONE had a signature

section in which the defendants acknowledged having examined the return and declaring under

penalty of perjury that the information contained therein was true, correct, and complete, and the

e-authorization forms signed by defendants LAFORTE and McELHONE each year had a similar

acknowledgement and declaration.

      42.    Defendants JOSEPH LAFORTE and LISA McELHONE, and others,

known and unknown to the grand jury, knew that the Pennsylvania PA-40 tax returns for

defendants LAFORTE and McELHONE for tax years 2014 through 2019 contained false

information about their residency status, their alleged Florida residences, and their taxable

Pennsylvania income.

43.     Defendants JOSEPH LAFORTE and LISA McELHONE, and others,

known and unknown to the grand jury, understood that by falsely representing that defendants

LAFORTE and McELHONE were non-residents of Pennsylvania in the PA-40 tax returns for

tax years 2014 through 2019, they were affirmatively misrepresenting their residency status and

depriving the Commonwealth of Pennsylvania of information that, had it been accurately

provided, would have resulted in defendants LAFORTE and McELHONE owing substantially

more money in taxes to the Commonwealth of Pennsylvania.

44.     On or about each of the dates set forth below, in the Eastern District of

Pennsylvania and elsewhere, defendants

**JOSEPH LAFORTE,**
**a/k/a "Joe Mack,"**
**a/k/a "Joe Macki,"**
**a/k/a "Joe Mackie," and**
**a/k/a "Joe McElhone," and**
**LISA MCLEHONE**

and Accountant No. 1 and Accountant No. 2, and others, known and unknown to the grand jury,

for the purpose of executing the scheme described above, caused to be transmitted by means of

wire communication in interstate commerce the signals and sounds described below for each

count, each transmission constituting a separate count:

| Count | Date | Description |
|-------|------|-------------|
| 1 | 8/14/19 | Email sent from defendant LISA McELHONE, in Pennsylvania, to Accountant No. 2, in Colorado, with signed tax forms |
| 2 | 7/13/20 | Email sent from Accountant No. 2, in Colorado, to defendant LISA McELHONE, in Pennsylvania, with tax forms for signature |
| 3 | 7/14/20 | Email sent from defendant LISA McELHONE, in Pennsylvania, to Accountant No. 2, in Colorado, with signed tax forms |

All in violation of Title 18, United States Code, Section 1343.

12

## COUNT FOUR
(Conspiracy to defraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 through 19 and 21 through 39 of Count One of this indictment are incorporated here.

At all times material to this indictment:

2.      From at least in or about mid-2003 through the third quarter of 2005, defendant JOSEPH LAFORTE participated in the operation of two Florida corporations, that is, Richmond Abstract of Florida, Inc. ("Richmond Abstract") and J & J Property Management of Florida, Inc. ("J & J"), although defendant LAFORTE used nominees to control these businesses for some of this time.

3.      In or about October 2005, defendants JOSEPH LAFORTE and LISA McELHONE married one another.

4.      In or about February 2007, the IRS assessed trust fund recovery penalties totaling approximately $551,142 against defendant JOSEPH LAFORTE in connection with his role as the responsible person for Richmond Abstract.

5.      In or about May 2008, the IRS levied one of defendant JOSEPH LAFORTE's bank accounts and applied the funds to the trust fund recovery penalties that he had been assessed in connection with Richmond Abstract.

6.      In or about December 2008, the IRS assessed trust fund recovery penalties totaling approximately $115,773,10 ~~$115,773,10~~ against defendant JOSEPH LAFORTE in connection with *$ 115,773.10   TB 2/22/24* his role as the responsible person for J & J.

7.      From in or about January 2007 through in or about February 2011, defendant JOSEPH LAFORTE was in custody, serving a prison sentence imposed as a result of

New York state and federal convictions. During this time, defendant LISA McELHONE filed

individual income tax returns with the IRS for herself, falsely electing the "single" filing status.

8.     On or about April 15, 2011, defendant JOSEPH LAFORTE filed an

individual income tax return with the IRS for himself for tax year 2010, reporting approximately

$32,000 in income and requesting a refund of approximately $9,915. Because of defendant

LAFORTE's outstanding trust fund recovery penalties for Richmond Abstract and J & J, the IRS

did not send this refund to defendant LAFORTE, but instead applied the amount of the refund to

the total trust fund recovery penalties that had been assessed against him in connection with

Richmond Abstract.

9.     The IRS was an agency of the United States Department of the Treasury

responsible for administering the tax laws of the United States and collecting taxes owed to the

United States.

10.    From in or about June 2009 through in or about December 2018, in the

Eastern District of Pennsylvania and elsewhere, defendants

**JOSEPH LAFORTE,**
**a/k/a "Joe Mack,"**
**a/k/a "Joe Macki,"**
**a/k/a "Joe Mackie," and**
**a/k/a "Joe McElhone," and**
**LISA McELHONE**

conspired and agreed together to defraud the United States by impeding, impairing, obstructing,

and defeating the lawful functions of the Internal Revenue Service of the Department of the

Treasury in the ascertainment, computation, assessment, and collection of income taxes.

## MANNER AND MEANS

In was part of the conspiracy that:

14

11.     Defendants JOSEPH LAFORTE and LISA McELHONE concealed and attempted to conceal defendant LAFORTE's income by causing it to be paid to defendant McELHONE and entities held in her name.

12.     Defendants JOSEPH LAFORTE and LISA McELHONE concealed and attempted to conceal defendant LAFORTE's assets by causing them to be held in the name of defendant McELHONE and entities held in her name.

13.     Defendants JOSEPH LAFORTE and LISA McELHONE concealed and attempted to conceal defendant McELHONE's connection to defendant LAFORTE by causing defendant McELHONE to elect filing statuses that were false and/or financially disadvantageous.

### OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendants JOSEPH LAFORTE and LISA McELHONE committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1.      In or about 2009, 2010, 2011, and 2012, defendant LISA McELHONE caused individual income tax returns for herself to be filed with the IRS for the tax years 2008, 2009, 2010, and 2011, electing the "single" status when she was in fact married to defendant JOSEPH LAFORTE.

2.      In or about October 2011, defendants JOSEPH LAFORTE and LISA McELHONE caused Par Funding to be formed solely in defendant McELHONE's name.

3.      In or about April 2014, defendant LISA McELHONE caused an individual income tax return, Form 1040, to be filed for the tax year 2012 electing "married filing separate" status, claiming defendant JOSEPH LAFORTE's income as her own, and omitting his name and social security number from the return.

15

4.      In or about November 2014, defendants JOSEPH LAFORTE and LISA McELHONE caused Heritage Business Consultants, Inc. ("HBC") to be formed in defendant McELHONE's name, as a nominee for defendant LAFORTE.

5.      On or about December 31, 2014, defendants JOSEPH LAFORTE and LISA McELHONE caused Par Funding to enter a contract with HBC to facilitate payments for the work that defendant LAFORTE provided to Par Funding.

6.      From at least late 2014 through in or about July 2018, defendants JOSEPH LAFORTE and LISA McELHONE caused Par Funding to make payments to HBC for defendant LAFORTE's work, including the following:

| Approximate Date | Approximate Amount |
|---|---|
| 12/19/14 | $50,000 |
| 12/26/14 | $50,000 |
| 12/29/14 | $50,000 |
| 1/1/15 | $80,000 |
| 1/1/15 | $80,000 |
| 1/1/15 | $80,000 |
| 1/1/15 | $80,000 |
| 1/1/15 | $80,000 |
| 1/1/15 | $80,000 |
| 1/1/15 | $80,000 |
| 1/1/15 | $80,000 |
| 10/5/15 | $12,500 |
| 11/4/15 | $12,500 |
| 11/13/15 | $25,000 |
| 11/17/15 | $25,000 |
| 11/19/15 | $25,000 |
| 7/1/16 | $300,000 |
| 1/9/17 | $300,000 |
| 2/14/17 | $91,000 |
| 4/21/17 | $1,261,000 |
| 8/14/17 | $1,070,000 |
| 5/31/18 | $1,400,000 |
| 7/3/18 | $355,000 |

7.      On or about July 25, 2016, defendants JOSEPH LAFORTE and LISA McELHONE established Blue Valley Holdings LLC to be established, and named defendant McELHONE as the sole member of this limited liability company.

8.      On or about August 22, 2016, defendants JOSEPH LAFORTE and LISA McELHONE caused Blue Valley Holdings to purchase their primary residence in Haverford, Pennsylvania for approximately $2,445,000, with funds earned from defendant LAFORTE's work for Par Funding.

9.      On or about March 20, 2017, defendants JOSEPH LAFORTE and LISA McELHONE caused the LME 2017 Family Trust to be established to hold the assets of defendant LAFORTE.

10.      On or about the following dates, defendants JOSEPH LAFORTE and LISA McELHONE caused entities held in the name of defendant McELHONE to purchase properties in the following amounts:

| Appx. Date | Street of Property | Amount |
| --- | --- | --- |
| 8/22/16 | Ferndale Lane, Haverford, PA | $2,445,000 |
| 4/27/17 | N. 2nd Street, Philadelphia, PA | $260,000 |
| 7/3/17 | North 3rd Street, Philadelphia, PA | $645,000 |
| 7/10/17 | North 3rd Street, Philadelphia, PA | $1,485,000 |
| 11/19/17 | North 3rd Street, Philadelphia, PA | $835,000 |
| 8/15/17 | Rebecca Court, Paupack, PA | $2,600,000 |
| 8/31/17 | S. 21st Street, Philadelphia PA | $1,025,000 |
| 11/20/17 | North 3rd Street, Philadelphia, PA | $835,000 |
| 2/1/18 | East Passyunk, Philadelphia, PA | $825,000 |
| 4/30/18 | Spruce Street, Philadelphia, PA | $2,125,000 |
| 5/2/18 | Walnut Street, Philadelphia, PA | $650,000 |
| 9/21/18 | S. 11th Street, Philadelphia, PA | $1,860,000 |
| 8/3/18 | 25th Street, Philadelphia PA | $600,000 |
| 8/10/18 | Melon Street, Philadelphia, PA | $7,600,000 |
| 8/15/18 | Market Street, Philadelphia, PA | $4,400,000 |
| 10/3/18 | Christian Street, Philadelphia PA | $870,000 |
|  | Total | $29,060,000 |

11. On or about January 1, 2018, defendants JOSEPH LAFORTE and LISA McELHONE caused Par Funding to enter a new contract with HBC, one of the entities held in the name of defendant McELHONE, to facilitate payments for the work that defendant LAFORTE provided to Par Funding.

12. In or about March 2018, defendants JOSEPH LAFORTE and LISA McELHONE caused Eagle Six Consultants, Inc. ("Eagle Six") to be formed in defendant McELHONE's name, as a nominee for defendant LAFORTE.

13. On or about July 1, 2018, defendants JOSEPH LAFORTE and LISA McELHONE caused Par Funding to enter a contract with Eagle Six to facilitate payments for the work that defendant LAFORTE provided to Par Funding.

14. From at least July 2018 through in or about December 2018, defendants JOSEPH LAFORTE and LISA McELHONE caused Par Funding to make payments to Eagle Six for defendant LAFORTE's work, including the following:

| Approximate Date | Approximate Amount |
|---|---|
| 7/20/18 | $30,000 |
| 10/16/18 | $2,500,000 |
| 11/19/18 | $1,500,000 |
| 12/3/18 | $175,000 |
| 12/4/18 | $125,000 |

15. From in or about 2014 through 2018, defendant LISA McELHONE filed individual income tax returns for herself for the tax years 2012 through 2017, electing the "married filing separate" status even though her tax liability would have been less if she elected "married filing jointly" status with defendant JOSEPH LAFORTE.

All in violation of Title 18, United States Code, Section 371.

18

**COUNT FIVE**
(Evasion of payment)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 through 19 and 21 through 39 of Count One and paragraphs

2 through 9 and 11 through 13, as well as Overt Acts 1 through 15, of Count Four of this

indictment are incorporated here.

2.      From in or about June 2009 through in or about December 2018, in the

Eastern District of Pennsylvania and elsewhere, defendants

**JOSEPH LAFORTE,**
**a/k/a "Joe Mack,"**
**a/k/a "Joe Macki,"**
**a/k/a "Joe Mackie," and**
**a/k/a "Joe McElhone," and**
**LISA McELHONE**

willfully attempted to evade and defeat the payment of a tax, known as a trust fund recovery

penalty, related to unpaid payroll taxes of Richmond Abstract of Florida, Inc., and J & J Property

Management of Florida, Inc., due and owing by defendant LAFORTE to the United States of

America, for the fourth quarter of 2003 through the third quarter of 2005, by committing the

following affirmative acts, among others:

a.      concealing defendant LAFORTE's income by incorporating Par

Funding in the name of defendant McELHONE in or about October 2011;

b.      concealing defendant LAFORTE's income by causing such

income to be paid to defendant McELHONE and entities held in her name, and reporting the

income in the name of defendant McELHONE and entities held in her name;

c.      concealing defendant LAFORTE's income and assets by causing

defendant McELHONE to serve as the nominal President of Par Funding, even though defendant

19

LAFORTE performed this role for the company and defendant McELHONE was merely his nominee and was not actively involved in the operation of the company;

        d.     concealing defendant LAFORTE's income and assets by minimizing defendant LAFORTE's role at Par Funding, even though defendant LAFORTE ran the operations of the company;

        e.     concealing defendant LAFORTE's assets by purchasing these assets, including real estate and securities, in the name of defendant McELHONE and entities held in her name;

        f.     concealing defendant LAFORTE's income and assets by opening bank accounts in the name of defendant McELHONE and entities held in her name, even though defendant LAFORTE controlled those bank accounts;

        g.     concealing defendant LAFORTE's income and assets by maintaining large amounts of cash at (i) the residence of defendants LAFORTE and McELHONE in Haverford, Pennsylvania; (ii) the couple's vacation properties in Paupack, Pennsylvania, and Jupiter Beach, Florida; and (iii) Par Funding's offices in Philadelphia, Pennsylvania; and

        h.     concealing defendant LAFORTE's income and assets by requiring Customer No. 1 to make regular kickback payments to defendant LAFORTE in cash.

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

A TRUE BILL:



JACQUELINE C. ROMERO
UNITED STATES ATTORNEY

No. _____

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

JOSEPH LAFORTE, a/k/a "Joe Mack", a/k/a "Joe Macki", a/k/a "Joe Mackie", a/k/a "Joe McElhone"

and LISA MCELHONE

## INDICTMENT

Counts

18 U.S.C. § 1343 (wire fraud – 3 counts); 18 U.S.C. § 371 (conspiracy – 1 count); 26 U.S.C. §7201 (tax evasion – 1 count);



Filed in open court this _____ 2 2 _____ day,

of _____ February _____ A.D. 20 24

_____

Bail, $ _____